S:\FILES\5269_MAERSK_CAROLINA\5269COMP.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Charles E. Schmidt (CS8669)
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0800
Telecopier:  212-430-0810
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL INSURANCE COMPANY LTD., <br><br>  Plaintiff, <br><br> - v. - <br><br> A.P. MØLLER-MÆRSK A/S *trading as* MAERSK LINE, *in personam,* and M/V MAERSK CAROLINA, her engines, tackle, apparel, etc., *in rem,* <br><br>  Defendants. | 07 Civ. 11449 (GEL) <br><br> COMPLAINT |

Plaintiff, by its attorneys, Kennedy Lillis Schmidt & English, alleges upon information and belief, as follows:

FIRST:  All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

SECOND:  At and during all the times hereinafter mentioned plaintiff had and now has the legal status and principal

1

office and place of business stated in Schedule A, hereto annexed, and by this reference made a part hereof.

THIRD:   At and during all the time hereinafter mentioned defendants had and now have the legal status and office and place of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as common carriers of merchandise by water for hire.

FOURTH:   At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

FIFTH:   On or about the date and at the port of shipment stated in Schedule A, there was shipped by the shipper therein named and delivered to defendants and the said vessel, as common carriers, the shipment described in Schedule A then being in good order and condition, and defendants and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport

2

and carry the said shipment to the port of destination stated in Schedule A, and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee in Schedule A.

SIXTH:  Thereafter, the said vessel arrived at the port of destination, where it and defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule A, all in violation of defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

SEVENTH:  Plaintiff is the subrogated insurer the shipper, consignee or owner of the shipment described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

EIGHTH:  By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no

part of which has been paid although duly demanded, in the sum of $32,272.10.

WHEREFORE, plaintiff prays:

1. That process in due form of law issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District, then all their property within this District as shall be described in Schedule A, be attached in the sum of $32,272.10, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and

disbursements, and that the said vessel may be condemned and sold to pay therefor; and

     5.   That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York    KENNEDY LILLIS SCHMIDT & ENGLISH
       December 20, 2007    Attorneys for Plaintiff

                                      By:  s/
                                           Charles E. Schmidt (CS8669)
                                           75 Maiden Lane – Suite 402
                                           New York, New York  10038-4816
                                           Telephone:  212-430-0800

S:\FILES\5269_MAERSK_CAROLINA\5269SCHEDULE_A.DOC

SCHEDULE A

PLAINTIFF'S LEGAL STATUS

Plaintiff, National Insurance Company Ltd., is a corporation or other business entity organized and existing under, and by virtue of, the laws of India with an office for the transaction of business at Jeevan Nidhi, 2nd Floor, Ambedkar Circle, Bhawani Singh Road, Jaipur 302005, India

DEFENDANT'S LEGAL STATUS

Defendant, A.P. MØLLER-MÆRSK A/S, is a corporation or other business entity organized and existing under, and by virtue of, the laws of Denmark, with a principal office for the transaction of business at 50 Esplanaden, DK-1098, Copenhagen K, Denmark, and said defendant maintains an office for transaction of business at c/o Maersk Line, 2 Giralda Farms, Madison, New Jersey.

DEFENDANT'S LEGAL STATUS

Defendant M/V MAERSK CAROLINA was the carrying vessel of the cargo set forth in, and pursuant to, a contract of carriage as described below; at all relevant times, the said vessel was and is owned or controlled by A.P. MØLLER-MÆRSK A/S.

1

PARTICULARS OF CLAIM

Vessel:  M/V MAERSK CAROLINA

Voyage:  0608

Place of Acceptance:  JNPT (NHAVASHEVA), INDIA

Port of Loading:  JNPT (NHAVASHEVA), INDIA

Port of Discharge:  NEWARK

Place of Delivery  NEWARK

Bill of Lading:  MAEU851285358

Issue Date of Bill of Lading:  JUNE 2, 2006

Shipper:  PGA SHIPPING & LOGISTICS P. LTD.

Consignee:  PGA TRADING AND SHIPPING INC.

Notify Party:  SAME AS CONSIGNEE

Cargo:  119 BALES OF CARPETS

Nature of Loss:    WATER DAMAGE TO CONSIGNMENT OF 119 BALES OF CARPETS COVERED BY HOUSE BILL OF LADING PGA/MUM/0607/116 DATED MAY 22, 2006, SAID 119 BALES BEING PART OF THE CARGO CONTAINED WITHIN CONTAINER MSKU907726-7

Amount of Loss:  $32,272.10

Kennedy Lillis Schmidt & English Reference:  5269

A.P. MØLLER-MÆRSK A/S Reference:  43294/JR